# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| **GREGORY A. WHITE,** )  | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-04150-SEM |
| ) | |
| **WILLIAM BREEDLOVE,** ) | |
|     Defendants. ) | |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court for screening under 28 U.S.C § 1915A is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Gregory A. White, a resident at the Illinois Department of Human Services Treatment and Detention Facility under the Illinois Sexually Violent Persons ("SVP") Commitment Act, 725 ILCS 207/1 *et seq.* Plaintiff also filed Petitions to Proceed in forma pauperis (Docs. 3, 8), Motions for Counsel (Docs. 5, 10), a Motion for Leave to File an Amended Complaint (Doc. 7), and a Motion for Status (Doc. 12).

    Plaintiff's Complaint is dismissed for failure to state a claim. Because any further amendment would be futile, the Court dismisses Plaintiff's case. Consequently, Plaintiff's remaining

motions, except for his Motion for Leave to File an Amended Complaint, are moot.

## I. PRELIMINARY ISSUES

In September 2025, Plaintiff's filing was docketed as a Motion for Leave to File an Amended Complaint (Doc. 7). In a subsequent letter to this Court (Doc. 11), Plaintiff clarified that he did not intend to file an amended pleading but instead filed a copy of his initial Complaint requesting that it be filed stamped and returned. Plaintiff's request is granted. If not already accomplished, the Clerk of the Court is directed to send Plaintiff a copy of his initial complaint filed stamped on the date filed.

## II. COMPLAINT

### A. Screening Standard

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding IFP "at any

time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).

Upon reviewing the pleading, the district court accepts the factual allegations as accurate, construing them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Alleged Facts

Plaintiff's pleading seeks to sue William Breedlove, the court-appointed attorney in Plaintiff's state SVP civil commitment case (01-MR-75) in the Circuit Court of the Fourteenth Judicial Circuit, Rock Island, Illinois. Essentially, Plaintiff alleges a legal malpractice claim against Breedlove. (Pl. Compl., Doc. 1 at 6.)

### C. Analysis

Title 42 U.S.C. § 1983 provides a claim against a person acting under the color of law who deprives another of a federal right. 42 U.S.C. § 1983; *see also Snyder v. King,* 745 F.3d 242, 246 (7th Cir. 2014) ("Section 1983 only permits an individual to sue a 'person'

who deprives that individual of his or her federally guaranteed rights under color of state law.")

"Action is taken under color of state law when it involves a misuse of power, 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Valentine v. City of Chicago*, 452 F.3d 670, 682 (7th Cir. 2006) (quoting *Honaker v. Smith*, 256 F.3d 477, 484–85 (7th Cir. 2001)).

As earlier indicated, the crux of Plaintiff's allegations concerns Defendant Breedlove's representation of Plaintiff during Plaintiff's state commitment proceedings under Illinois' SVP Act, which does not state a plausible 1983 claim.

Attorneys, whether privately retained or appointed by a court, do not act under color of law merely by representing their clients. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Hall v. Quillian*, 631 F.2d 1154, 1155 (4th Cir. 1980) (dismissing §1983 suits against state-appointed counsel in involuntary commitment action for lack of state action); *T.R. v.*

*Havens*, 612 F.App'x 83, 89 (3d Cir. 2015) (concluding that attorney appointed in involuntary commitment proceedings was not a state actor, and thus could not be liable under § 1983); *Mawhirt v. Ahmed*, 8 F.App'x 125, 127 (2d. Cir. 2001) (concluding that an attorney representing the plaintiff in a state court commitment hearing was not acting under color of state and thus, not subject to suit under § 1983).

The Court concludes that Plaintiff fails to state a claim against Defendant Breedlove because "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk*, 454 U.S. at 318. Accordingly, the Court dismisses Plaintiff's complaint.

Although the Court has the discretion to permit Plaintiff to file an amended complaint, it is unnecessary when, as here, the Court finds that any amendment to the claim raised in Plaintiff's pleading would be futile. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue

prejudice to the defendants, or where the amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

**IT IS THEREFORE ORDERED:**

1) **The Court DISMISSES Plaintiff's complaint [1] under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim on which relief may be granted. Because any amendment to the complaint would be futile, the Court DIRECTS the Clerk of the Court to enter a judgment under Fed. R. Civ. P. 58.**

2) **Plaintiff's Motion (Doc. 7) is GRANTED. The Clerk of the Court is DIRECTED to send Plaintiff a copy of his initial complaint filed stamped on the date filed.**

3) **Plaintiff's remaining Motions (Docs. 3, 5, 8, 10, 12) are MOOT with the entry of the Court's Order.**

4) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of her grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED October 2, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE